IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUSQUEHANNA RADIO LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:23-CV-01746-S |
| | § | |
| JACOB KEMP and DANIEL MCDOWELL, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' UNOPPOSED MOTION TO
EXTEND TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

Defendants Jacob Kemp and Daniel McDowell (collectively, "Defendants") file their Unopposed Motion to Extend Time to Respond to Plaintiff's Complaint ("Motion") seeking an extension of the responsive pleadings deadline consistent with the extension of Plaintiff's preliminary injunction hearing to allow the parties to focus on mediation and conserve resources to facilitate the likelihood of an agreed resolution of the case, and would respectfully show the Court as follows:

1. Consistent with the Court's continuance of the hearing on Plaintiff Susquehanna Radio LLC's ("Plaintiff") application for injunctive relief, Defendants seek an extension of their responsive pleadings deadline for the same time period. Thus, Defendants respectfully request that their time to file responsive pleadings be extended to and including September 12 or the date on which the hearing on Plaintiff's application for temporary restraining order and preliminary injunction is reset, whichever is later.

2. Plaintiff filed its Complaint on August 4, 2023. ECF No. 1. Defendants were served on August 7, 2023. ECF No. 15. Under the federal rules, Defendants' original deadline to file

responsive pleadings to Plaintiff's Complaint was August 28, 2023. *See* Fed. R. Civ. P. 12(a)(1)(A)(i), (b).

3. Since being served, Defendants have been forced to respond to Plaintiff's application for temporary restraining order and preliminary injunction, prepare for the August 21 injunction hearing setting, and additional preparation for the August 29 injunction hearing setting (including preparing for and taking the deposition of Plaintiff's third-party witness after being notified by Plaintiff of such witness on Friday, August 25). *See* ECF Nos. 9, 10, 13, 19, 29. Defendants began mediation on May 22 that remains ongoing. *See* ECF Nos. 14, 35.

4. Plaintiff's counsel previously agreed to a short, one-week extension of these deadlines, which Defendants sought out of an abundance of caution so that briefing demands would not hinder mediation. *See* ECF Nos. 32, 33. Because mediation remains ongoing, Defendants file this unopposed motion. *See* ECF No. 35.

5. If the parties are required to prepare motion to dismiss briefing while mediating, it would be an inefficient use of the parties' resources and detract from focusing on mediation. Thus, an extension would serve the purposes of judicial economy, conservation of party resources, and facilitating mediation efforts.

6. Further, given then significant time Defendants needed to devote to mediation and hearing preparation before August 29, if the current September 5 deadline remains in place, Defendants would have only one week to prepare their Rule 12(b) motion briefing, which will require significant given time given the number of claims asserted in Plaintiff's Complaint (10

substantive claims asserted against Kemp and 9 asserted against McDowell).[1] For these reasons, Defendants need additional time to prepare their responsive pleadings to Plaintiff's Complaint.

7. Defendants' counsel conferred with Plaintiff's counsel concerning the need for an extension consistent with the extension of Plaintiff's hearing to facilitate mediation efforts. Plaintiff's counsel agreed to extend the time to answer for Defendants until the date of the reset hearing.

8. The requested relief is sought for good cause and will not unduly delay the case.

WHEREFORE, Defendants Jacob Kemp and Daniel McDowell respectfully request that this Court grant this Motion for extension and order that Defendants file their responsive pleadings to Plaintiff's Complaint (ECF No. 1) to and including September 12 or the date on which the hearing on Plaintiff's application for temporary restraining order and preliminary injunction is reset, whichever is later, and grant Defendants such other and further relief to which they may be justly entitled.

---

[1] Plaintiff alleged breach of contract based on six different provisions against Kemp and five against McDowell, conversion claims, fiduciary duty claims, Lanham Act claims based on multiple theories, trademark and unfair competition. *See* ECF No. 1 at 16-22.

Respectfully submitted,

*/s/ Elizabeth F. Griffin*

| **Philip Kingston** <br> Texas Bar No. 24010159 <br> Sheils Winnubst PC <br> 1701 N. Collins, 1100 Atrium II <br> Richardson, Texas 75080 <br> (214) 642-1707 <br> philip@sheilswinnubst.com | **Matthew Bruenig** <br> District of Columbia Bar No. 1045571 <br> (admitted *pro hac vice*) <br> 124 4th St. <br> Stamford, Connecticut 06905 <br> (857) 540-1205 <br> matthewbruenig@gmail.com |
|---|---|
| **Frank G. Cawley** <br> Texas Bar No. 24006978 <br> Cawley Law LLC <br> 2591 Dallas Parkway, Suite 300 <br> Frisco, TX 75034 <br> (469) 259-2221 <br> frank@cawleylawgroup.com | **Elizabeth F. Griffin** <br> Texas Bar No. 24092450 <br> Clark Hill PLC <br> 901 Main Street, Suite 6000 <br> Dallas, Texas 75202 <br> 214-651-4300 <br> 214-659-4330 (Fax) <br> egriffin@clarkhill.com |

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF CONFERENCE**

On August 28, 2023, the undersigned conferred with Plaintiff's counsel, David Pernini, via e-mail regarding the relief requested in this Motion. Mr. Pernini informed Defendant's counsel that Plaintiff's counsel is unopposed to an extension until the date of the reset hearing.

*/s/ Philip Kingston*
**PHILIP KINGSTON**